NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIA B. VEGA, | : | |
| | : | Civil Action No. 11-5995 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| UNITED RECOVERY SYSTEMS, L.P., ET AL., | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motions by Defendants Capital One Bank (USA) N.A. ("Capital One") and United Recovery Systems, L.P. ("United Recovery") (collectively, "Defendants") to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Maria B. Vega ("Plaintiff") opposed the motions. For the reasons that follow, the Court grants the motions, dismissing the Complaint in its entirety.

BACKGROUND

This case originated with Plaintiff's filing of a Complaint regarding the collection of a consumer debt. According to the Complaint, on September 28, 2010, a representation letter was sent to the original creditor, Defendant Capital One, advising that Plaintiff was represented by counsel. Plaintiff's account was then referred to United Recovery for collection. Plaintiff alleges that United Recovery's subsequent attempts to collect the debt failed to comply with various provisions of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.* Specifically, the notice of debt collection was ambiguous and intended to deceive Plaintiff

regarding the ownership of the debt. (Compl., ¶¶ 10-11.) Moreover, United Recovery communicated directly with Plaintiff regarding the subject debt, rather than contacting Plaintiff's counsel, even though the letter of representation was sent to Capital One prior to the referral of the account to United Recovery. (Compl., ¶ 14.) Plaintiff argues that the foregoing also constitutes breach of the covenant of good faith and fair dealing by Capital One, and invasion of privacy by United Recovery and Capital One. Plaintiff originally filed her Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, in Hudson County, on August 2, 2011. Defendant Capital One removed the action to the United States District Court for the District of New Jersey on October 13, 2011. Shortly thereafter, Capital One and United Recovery filed the instant motions to dismiss Plaintiff's Complaint.

## STANDARD OF REVIEW

A.   **Motion To Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 127 S. Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

ANALYSIS

A.      **Defendants' Motion to Dismiss**

      1.  FDCPA Claims

Defendants move to dismiss Plaintiff's FDCPA claims for failure to state a valid claim for relief.  Capital One argues that, to the extent Plaintiff raises FDCPA claims again it, same must be dismissed, since Capital One is a creditor, not a debt collector for purposes of the FDCPA.  The FDCPA is remedial legislation, designed to protect consumers from "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).  Accordingly, it creates a private cause of action against debt collectors who fail to comply with its provisions.  15 U.S.C. § 1692k.  However, the statute defines a "debt collector" to *exclude*

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).  Thus, courts interpreting the FDCPA have concluded that its provisions do not generally apply to a creditor collecting its own debt.  *See, e.g., Ventura v. I.C. Sys.*, 2011 U.S. Dist. LEXIS 130205, at *5-6 (D.N.J. Nov. 9, 2011) (citing *Pollice v. Nat'l Tax Funding*, 225 F.3d 279, 402 (3d Cir. 2000) ("creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act . . . . [B]ecause creditors are generally assumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their activities are not subject to the Act unless they collect under a name other than their own.") (internal quotations and citations omitted)); *Pagan v. United Recovery Sys., L.P.*, 2012 U.S. Dist. LEXIS 2130, at *5-7 (D.N.J. Jan. 6, 2012) (citing, in part, *Green v. Capital One*, 2011 U.S. Dist. LEXIS 86102, at *2 (D. Utah Aug. 3, 2011) (holding that Capital One was not subject to the FDCPA because it was a creditor collecting its own debt, not a "debt

collector" for purposes of the FDCPA)).  Here, Capital One is not a debt collector with respect to Plaintiff's consumer debt, for purposes of the FDCPA, because it is the original creditor.  As such, it cannot be held liable for any violations of the FDCPA, and any claims against Capital One for violations of that Act will be dismissed.[1]

United Recovery argues that Plaintiff's claim that it violated Section 1692c(a)(2) of the FDCPA is deficient, because United Recovery had no knowledge of the representation letter allegedly sent to Capital One.  Section 1692c(a)(2) provides, in relevant part:

> Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and address . . . .

In order to recover under this subsection, a plaintiff must show that: (1) prior to the debt collector's communication with the plaintiff, the plaintiff was represented by counsel with respect to the debt owed to the creditor; and (2) the debt collector had actual knowledge that the plaintiff was represented by counsel with respect to the debt owed to the creditor.  *Hubbard v. Nat'l Bond & Collection Assocs., Inc.*, 126 B.R. 422, 426 (D. Del. 1991), aff'd , 947 F.2d 935 (3d Cir. 1991).  "A creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector."  *Id.* at 427 (quoting FTC Official Staff Commentary § 805(a)(2), 53 Fed. Reg. 50,097 (1988), and rejecting the plaintiff's argument that constructive knowledge is sufficient to establish liability under Section 1692c(a)(2)).

Here, Plaintiff alleges that United Recovery "knew or should have known" that she was

---

[1] The Complaint does not clearly direct the FDCPA allegations toward Capital One; however, because Capital One interprets these claims to be directed against it, and because the Complaint names both Capital One and United Recovery, the Court shall dismiss any FDCPA claims against Capital One, to the extent that they are raised.

represented by counsel when it communicated with her directly regarding the subject debt, but she provides no facts suggesting that United Recovery had actual knowledge that Plaintiff was represented by counsel. (Compl., ¶ 13.) This deficiency is not cured by Plaintiff's suggestion that Untied Recovery had constructive knowledge on the basis of the previous representation letter sent to Capital One; knowledge on Capital One's part cannot, without more, be imputed to United Recovery. *See Hubbard*, 126 B.R. at 427. Plaintiff having failed to plead facts adequately alleging the element of actual knowledge, her claim against United Recovery for violation of Section 1692c(a)(2) of the FDCPA will be dismissed.

United Recovery further argues that Plaintiff's allegations of violations of Sections 1692e and 1692j must be dismissed because Plaintiff fails to plead facts suggesting that the debt collection letter was ambiguous or deceptive. Section 1692e provides, in part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the "false representation of . . . the character, amount or the legal status of any debt." In a similar vein, Section 1692j provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

The foregoing provision thus "prohibits forms that create the false impression that some third party, other than the creditor, is involved the collection of the debt at issue." *Pineda v. West Asset Mgmt.*, 2011 U.S. Dist. LEXIS 145973, at *6 (D.N.J. Dec. 20, 2011) (citing *Orenbuch v. North Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 149-50 (E.D.N.Y. 2003)).

Here, Plaintiff alleges that United Recovery's letter constituted a violation of the foregoing statutory provisions because the language was "intentionally ambiguous" and

"intended to be deceptive regarding the current debt ownership status of Capital One Bank, the original creditor." *Id.* ¶ 11.  According to the Complaint, the letter stated that Plaintiff's "account has been referred to this office for collection," and then misrepresented the amount owed on the debt. (Compl., ¶ 10, & "Claims for Relief," p. 11.)  The Court is at a loss to understand how a letter from United Recovery, stating that the subject account was referred to them for collection, could be viewed as ambiguous as to its intent, or as to the ownership status of the debt, even from the perspective of the least educated consumer.  The Complaint does not assert that United Recovery had not actually been retained by Capital One to pursue the debt, or was not involved in the collection of the debt.  Thus, the letter does not create the false impression that a person other than the creditor is attempting to collect the subject debt.  Moreover, the conclusory allegation that the letter misrepresented the amount of the alleged debt is a mere recitation of the statutory language in Section 1692e of the FDCPA, and fails to meet the plausibility threshold established in *Twombly*.  127 S. Ct. at 1974.  Therefore, Plaintiff's claims that United Recovery violated Section 1692e and 1692j of the FDCPA will be dismissed.

      2.  Breach of the Implied Covenant of Good Faith & Fair Dealing

      Capital One argues that Plaintiff's claim against it for breach of the implied covenant of good faith and fair dealing must be dismissed because, although Plaintiff alleges that Capital One should have instructed United Recovery to direct its communications to Plaintiff's attorney, Plaintiff does not allege that Capital One thereby deprived Plaintiff from receiving her reasonably expected fruits under an express contract between the parties.  In New Jersey, the implied covenant of good faith and fair dealing is inherent in every contract, and requires that "neither party shall do anything which would have the effect of destroying or injuring the right of the other party to receive the full fruits of the contract . . . ."  *R.J. Gaydos Ins. Agency, Inc. v. Nat'l*

*Consumer Ins. Co.*, 168 N.J. 255, 773 A.2d 1132, 1146 (N.J. 2001) (internal citations omitted).

A claim for breach of the covenant also requires a showing of bad motive or intention. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 531 (D.N.J. Mar. 31, 2008) (citing *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 773 A.2d 1121, 1126 (N.J. 2001)). Here, Plaintiff fails to allege any facts supporting the contention that Capital One "acted unfairly and in bad faith" when it failed to inform United Recovery that communications regarding the subject debt should be directed to Plaintiff's counsel. (Compl., ¶ 18.) Moreover, Plaintiff fails to set forth factual bases for her allegation that Capital One's conduct deprived Plaintiff of her reasonably expected fruits under an express contract; indeed, Plaintiff does not allege the existence of an express contract between the parties. ". . .[I]f anything, any right Plaintiff may have had not to be contacted directly arose not from any contract with Capital One but from FDCPA § 1692c(a)(2)." *Pagan*, 2012 U.S. Dist. LEXIS 2130, at *10-11. Therefore, Plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face," with respect to her allegation that Capital One breached the implied covenant of good faith and fair dealing, and this claim will be dismissed. *Twombly*, 127 S. Ct. at 1974.

   3. Invasion of Privacy

   Capital One and United Recovery argue that Plaintiff fails to allege any of the four types of invasions of privacy recognized under New Jersey common law, and thus her claim should be dismissed. Invasion of privacy "comprises four distinct kinds of invasion of four different interests of the plaintiff," including

> (1) intrusion (e.g., intrusion on plaintiff's physical solitude or seclusion, as by invading his or her home, illegally searching, eavesdropping, or prying into personal affairs); (2) public disclosure of private facts (e.g., making public private information about plaintiff); (3) placing plaintiff in a false light in the public eye . . . ; and (4) appropriation, for the defendant's benefit, of the plaintiff's name or likeness.

*Rumbauskas v. Cantor*, 138 N.J. 173, 649 A.2d 853, 856 (N.J. 1994) (internal citations omitted). In this case, Plaintiff alleges that Capital One and United Recovery invaded her privacy, in that United Recovery communicated directly with Plaintiff regarding the subject debt, even though a client representation letter had been sent to Capital One before the account was referred to United Recovery. (Compl., ¶¶ 12-13.) Therefore, according to Plaintiff, United Recovery "knew or should have known from Capital One that all future communications needed to be directed to counsel for Plaintiff." *Id.* at ¶ 13. Clearly, this allegation does not constitute a claim for public disclosure of private facts, false light, or appropriation of Plaintiff's name or likeness. Moreover, "intrusion" in this context is defined as an "intentional intrusion, 'physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns,' that 'would be *highly offensive* to a reasonable person.'" *G.D. v. Kenny*, 205 N.J. 275, 15 A.3d 300, 309 (N.J. 2011) (emphasis added) (internal citations omitted). Even assuming that United Recovery had actual knowledge that Plaintiff was represented by counsel when it attempted to collect the subject debt (which, as set forth above, Plaintiff has failed to adequately allege), or that Capital One is liable for failing to advise United Recovery that all communications should be directed to Plaintiff's attorney, the contention that subsequent communications from United Recovery constituted a "highly offensive" intrusion into Plaintiff's solitude or seclusion is, quite simply, frivolous. *See Pagan*, 2012 U.S. Dist. LEXIS 2130, at *4-5 ("If such conduct were highly offensive [to a reasonable person], that would lead to the ridiculous result that every debtor would have a cause of action against every creditor who contacted them seeking to collect the money owed. That Plaintiff was represented by counsel and had allegedly indicated that all communications be made directly to counsel is . . . not enough to nudge this conduct into the category of being highly offensive."). Accordingly, the Court will dismiss Plaintiff's claim against Defendants for

invasion of privacy.

## CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss the Complaint are granted.  An appropriate form of Order will be filed together with this Opinion.

                                                    /s Stanley R. Chesler
                                          STANLEY R. CHESLER
                                          United States District Judge

Dated: February 9, 2012